IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50805
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADORNA DAREESE DAVIDSON,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(A-96-CR-79-ALL)
- - - - - - - - - -
October 3, 1997

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Adorna Dareese Davidson has appealed her convictions for conspiracy to possess with intent to distribute cocaine base and for possession with intent to distribute cocaine base. For reasons discussed below, the convictions are AFFIRMED.

We reject Davidson's contention that the indictment was insufficient in failing to specify the quantity of cocaine base allegedly involved in the offense and in failing to identify Davidson's alleged coconspirators. Appellant's reliance on United

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Fitzgerald, 89 F.3d 218, 221 (5th Cir.), cert. denied, 117 S. Ct. 446 (1996) is misplaced, since that case turned on the distinction between a misdemeanor and felony offense pertinent to U.S.C. § 844(a) and 846, and we have held the amount of drugs need not be stated in the indictment. United States v. Montes, 976 F.2d 235, 242 (5th Cir. 1992). See also United States v. Flores, 63 F.3d 1342, 1360 (5th Cir. 1995), cert. denied, 117 S. Ct. 87 (1996).

We review Davidson's contention that her out-of-court statement should have been excluded under FED. R. EVID. 403 for plain error. See United States v. Olano, 507 U.S. 725 (1993); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). We find no error, plain or otherwise.

Davidson contends that the evidence of guilt was insufficient. Diana Moore's testimony, alone, was sufficient to support Davidson's conviction. See United States v. Pena-Rodriguez, 110 F.3d 1120, 1123 (5th Cir. 1997), petition for cert. filed (June 19, 1997) (No. 96-9480).

Further, Davidson's substantial rights were not affected and the district court did not abuse its discretion in refusing to admit the affidavit used to obtain the search warrant into evidence. See United States v. Torres, 114 F.3d 520, 526 (5th Cir. 1997).

Davidson contends that the Government violated the rule in Batson v. Kentucky, 476 U.S. 79 (1986), by striking the lone

black venireperson.  Because discriminatory intent is not inherent in the prosecutor's explanation for striking the venire person, see United States v. Pofahl, 990 F.2d 1456, 1466 (5th Cir. 1993), Davidson's Batson claim is without merit.

The district court did not abuse its discretion by disqualifying Davidson's attorney because of an actual conflict of interest.  Wheat v. United States, 486 U.S. 153, 160-64 (1988); United States v. Sotelo, 97 F.3d 782, 791 (5th Cir.), cert. denied, 117 S. Ct. 620 (1996), and cert. denied, 117 S. Ct. 1002, and cert. denied, 117 S. Ct. 1324 (1997).

**AFFIRMED.**